*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0362P (6th Cir.)
File Name: 01a0362p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MICHAEL D. NIHISER,
      *Plaintiff-Appellant,*

    *v.*

OHIO ENVIRONMENTAL
PROTECTION AGENCY,
      *Defendant-Appellee.*

No. 97-3933

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 94-01258—James L. Graham, District Judge.

Argued: October 26, 1999

Decided and Filed: October 11, 2001

Before: MARTIN, Chief Judge; SUHRHEINRICH and
SILER, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Louis A. Jacobs, Columbus, Ohio, for Appellant.
Stephen P. Carney, OFFICE OF THE ATTORNEY
GENERAL OF OHIO, Columbus, Ohio, for Appellee. Seth

1

M. Galanter, UNITED STATES DEPARTMENT OF JUSTICE, CIVIL RIGHTS DIVISION, Washington, D.C., for Intervenor. **ON BRIEF:** Louis A. Jacobs, Columbus, Ohio, John S. Marshall, Columbus, Ohio, for Appellant. Jack W. Decker, OFFICE OF THE ATTORNEY GENERAL, EMPLOYMENT LAW SECTION, Columbus, Ohio, Jeffrey S. Sutton, JONES, DAY, REAVIS & POGUE, Columbus, Ohio, for Appellee. Merl H. Wayman, Columbus, Ohio, for Amicus Curiae. Seth M. Galanter, UNITED STATES DEPARTMENT OF JUSTICE, CIVIL RIGHTS DIVISION, Washington, D.C., for Intervenor.

————————

**OPINION**

————————

BOYCE F. MARTIN, JR., Chief Judge. Michael D. Nihiser, an employee of the Ohio Environmental Protection Agency, sued his employer under Title I of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. The Agency filed a motion to dismiss, arguing that the Acts were unconstitutional as applied to the states. The district court granted the Agency's motion, and Nihiser appeals. For the following reasons, we affirm the district court's dismissal of Nihiser's Americans with Disabilities Act claim, but we reverse the district court's dismissal of his claim brought under the Rehabilitation Act.

I.

Nihiser began working for the Ohio Environmental Protection Agency in 1978. In April 1986, he injured his back and was diagnosed with lumbar disc derangement with right sciatica. From 1986 to 1992, the Agency provided some accommodation for Nihiser, and he was able to perform his job duties. In December 1994, Nihiser sued the Agency, alleging that in 1993 the Agency changed his job duties to require prolonged periods of driving. Nihiser claimed that when he advised the Agency that his back condition

prevented him from driving long distances, the Agency essentially forced him to take disability retirement in violation of the Americans with Disabilities Act and the Rehabilitation Act. On August 7, 1997, the district court granted the Agency's motion to dismiss for lack of jurisdiction, concluding that the Eleventh Amendment prevented the Agency from being sued for damages under either act.

## II.

We review *de novo* a district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction. *Joelson v. United States*, 86 F.3d 1413, 1416 (6th Cir. 1996).

The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The U. S. Supreme Court construed this Amendment to grant a State sovereign immunity against suit brought by private citizens of any state. *See Hans v. Louisiana*, 134 U.S. 1 (1890). States can lose or forego this immunity through waiver or congressional abrogation. *See Lawson v. Shelby County*, 211 F.3d 331, 334-35 (6th Cir. 2000) (discussing exceptions to Eleventh Amendment immunity).

## A.

After Nihiser's appeal, the U. S. Supreme Court held that the Eleventh Amendment prohibits state employees from suing their employers for money damages under Title I of the Americans with Disabilities Act. *Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). As a state employee suing his employer under Title I, Nihiser's Americans with Disabilities Act claim is governed by *Garrett*. Therefore, we affirm the district court's dismissal of Nihiser's claim against the Agency for violations of Title I of the Americans with Disabilities Act.

## B.

Nihiser and the United States as intervenor present two possible methods for Rehabilitation Act claims against States to proceed notwithstanding Eleventh Amendment immunity: 1) pursuant to Congress's spending power, waiver via the federal funds tied to the Rehabilitation Act, and 2) congressional abrogation pursuant to Section Five of the Fourteenth Amendment. They argue that the Rehabilitation Act Amendments of 1996 provide the necessary language to avoid Eleventh Amendment immunity under either theory. We will examine their waiver argument first.

### 1.

The Rehabilitation Act has a long history of scrutiny under the Eleventh Amendment. In 1985, the U. S. Supreme Court held that the Act's initial version fell "far short of manifesting a clear intent to condition participation in the programs funded under the Act on a State's consent to waive its constitutional immunity." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 247 (1985). The next year, Congress adopted the Rehabilitation Act Amendments, which expressly provide, "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973." 42 U.S.C. § 2000d-7 (1986). The U. S. Supreme Court, as well as every circuit court to address the question, has recognized Section 2000d-7 as a valid and unambiguous waiver. *See Lane v. Pena*, 518 U.S. 187, 200 (1996); *see also Jim C. v. United States*, 235 F.3d 1079 (8th Cir. 2000) (en banc); *Stanley v. Litscher*, 213 F.3d 340 (7th Cir. 2000); *Clark v. California*, 123 F.3d 1267 (9th Cir. 1997).[1]

---

[1] Section 2000d-7 applies to Title IX of the Civil Rights Act in addition to the Rehabilitation Act. The only two circuits to address the question have found Section 2000d-7 to constitute an unambiguous waiver of Eleventh Amendment immunity in suits brought under Title IX. *See Pederson v. Louisiana State Univ.*, 213 F.3d 858 (5th Cir. 2000);

"In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673 (1973) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). We recognize that mere participation in a federal program is not sufficient to waive immunity, *see Edelman*, 415 U.S. at 673, but we find that Section 2000d-7 is "the most express language" of waiver of Eleventh Amendment immunity. Accordingly, we hold that a plaintiff may sue a State under Section 504 of the Rehabilitation Act, and we reverse the district court's dismissal of Nihiser's Rehabilitation Act claim.

### 2.

Because we find that States waive their Eleventh Amendment immunity with regard to Rehabilitation Act claims when they accept federal funds, we need not address Nihiser's second argument that Congress validly abrogated the States' Eleventh Amendment immunity when it enacted the Rehabilitation Act. We do note that the two circuits to examine the question have found Section 2000d-7 to constitute a valid abrogation. *See Kilcullen v. New York State Dep't of Labor*, 205 F.3d 77 (2d Cir. 2000); *Clark v. California*, 123 F.3d 1267 (9th Cir. 1997).

### III.

For the foregoing reasons, we AFFIRM the district court's dismissal of Nihiser's Americans with Disabilities Act claim. We REVERSE the district court's dismissal of Nihiser's Rehabilitation Act claim and REMAND for further proceedings consistent with this opinion.

---

*Litman v. George Mason Univ.*, 186 F.3d 544 (4th Cir. 1999).