**Jean DILLON–BARBER,**
**Plaintiff–Appellant,**

v.

**REGENTS OF THE UNIVERSITY OF MICHIGAN; Susan Sheppard; and Linda Boyle Creps, Defendants–Appellees.**

**No. 99–2193.**

United States Court of Appeals,
Sixth Circuit.

Nov. 22, 2002.

Before KRUPANSKY, BOGGS, and BATCHELDER Circuit Judges.

BATCHELDER, Circuit Judge.

Jean Dillon–Barber ("Dillon–Barber") filed a nine-count complaint against the Regents of the University of Michigan, Susan Sheppard and Linda Creps, raising claims under Michigan law as well as under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, 42 U.S.C. § 1983. She now appeals portions of the district court's order entering summary judgment against her on all of the claims raised in her complaint. We conclude that Dillon–Barber has wholly failed to identify the source of the rights that form the basis for her § 1983 claim against Sheppard and Creps, and we will affirm the judgment dismissing that claim with prejudice. We will vacate the portion of the judgment purporting to dismiss with prejudice the state law claims earlier dismissed without prejudice by stipulation of the parties, and remand those claims to the district court with instructions that the record be corrected to reflect that those state law claims were dismissed without prejudice. Finally, we will affirm the judgment for the defendants on the Rehabilitation Act claims, finding that they are wholly without merit, and we will remand the claims under the ADA with instructions that they be dismissed without prejudice, for reasons we shall explain hereinafter.

The undisputed facts in this case demonstrate that for many years Dillon–Barber had had difficulty meeting project deadlines and timely completing projects for which she was responsible in her employment as a systems analyst for the University's Medical Center Information Technology Unit. These problems pre-dated Defendant Sheppard's becoming Dillon–Barber's immediate supervisor in 1992, and continued virtually unabated until Dillon–Barber's termination in 1996. During those years, Sheppard worked with her in an attempt to help her improve her performance. When Dillon–Barber advised Sheppard that she believed she was suffering from Attention Deficit Disorder ("ADD"), Sheppard asked for medical confirmation of the condition and inquired whether Dillon–Barber needed any particular accommodations in order to perform her job. Dillon–Barber's psychiatrist supplied a cursory diagnosis of ADD but did not indicate the need for any accommodations, and Dillon–Barber herself did

not request any. Although the psychiatrist advised that her condition was improving, Dillon–Barber's performance did not improve, and eventually the University referred her to another psychiatrist with the request that he provide a second opinion as to her condition, her ability to perform her job and her need for any accommodations with regard to performing that job. This psychiatrist did not advise that Dillon–Barber needed any accommodations, but he did suggest "a few things that might be of use to her in helping her to organize her work life." The University implemented these suggestions and, in addition, referred Dillon–Barber to the University's Employee Rehabilitation Program. Dillon–Barber's performance did not improve, and she lodged a complaint with the University's Affirmative Action Office, claiming that she was being discriminated against because of a disability. When this office found no basis for the complaint, Dillon–Barber complained to Creps, Sheppard's immediate supervisor, about the University's failure to provide reasonable accommodations for her disability, but failed to specify what accommodations she believed should have been provided for her. Creps investigated and found no basis for this complaint. Eventually, when Dillon–Barber still failed to improve her performance, Creps terminated her employment.

Dillon–Barber then filed a nine-count complaint in federal court, naming as defendants the University and two of her supervisors, Susan Sheppard and Linda Creps. The complaint alleged that Dillon–Barber suffers from depression, morbid obesity and ADD; that she is a qualified individual with a disability as those terms are defined in the relevant law; and that her performance problems were the result of her disabilities. The complaint charged that the University had refused to accommodate her ADD and had retaliated against her for undertaking activities protected by the ADA, the Rehabilitation Act, and Michigan law. The complaint also raised a claim under 42 U.S.C. § 1983 that the defendants had violated her right to privacy under the First Amendment and her civil rights under the ADA and the Rehabilitation Act.

By agreement of the parties, the district court entered an order dismissing without prejudice Counts III, IV, VII and VIII, all of Dillon–Barber's state-law claims. This left only her claims of discrimination and retaliation under the ADA (Counts I and V), discrimination and retaliation under the Rehabilitation Act (Counts II and VI) and violation of constitutional and civil rights under § 1983 (Count IX). The Defendants moved for summary judgment on all of those claims. The district court granted the motion as to all of the Defendants. The district court dismissed Counts I through VIII of the complaint as to Sheppard and Creps, holding that at oral argument Dillon–Barber had conceded that Sheppard and Creps had no liability on any of her statutory disability discrimination and retaliation claims because the Sixth Circuit has held that supervisors are not "employers" such that they can be held liable under the ADA and the Rehabilitation Act. The court dismissed Counts I, II and V against the University because: 1) Dillon–Barber was not disabled within the meaning of the ADA and the Rehabilitation Act; 2) Dillon–Barber failed to exhaust her administrative remedies with regard to her retaliation claims under the ADA; 3) Dillon–Barber failed to make out a prima facie case of retaliation under the Rehabilitation Act, and in any event, Dillon–Barber's employment was terminated for legitimate, non-discriminatory reasons. The district court dismissed the § 1983 claim (Count IX) against the University because it was based on violations of the

ADA and the Rehabilitation Act and those statutes are the exclusive remedial and enforcement avenues for claimed violations of their provisions; and even if the § 1983 claim were not precluded, the University is an arm of the state and therefore is not a proper defendant in a § 1983 action. Finally, the district court dismissed the § 1983 claim against Sheppard and Creps, holding that Dillon–Barber had sued those two Defendants only in their official capacities, and because the complaint did not seek prospective injunctive relief, the Eleventh Amendment barred this claim against them as well.[1]

■ After the appeal in this case was briefed, the United States Supreme Court handed down its opinion in *Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), which held that states enjoy Eleventh Amendment immunity from suit in federal court for claims for money damages under the ADA. Immediately before oral argument of the appeal, Dillon–Barber filed with this court a letter brief, conceding that *Garrett* governs her ADA claims and stating that she does not contest the "dismissal of her claims under the Rehabilitation Act on federalism grounds." We understand this to be an abandonment of the appeal of the dismissal of these claims. It is clear that *Garrett* requires that Counts I and V of Dillon–Barber's

complaint–the ADA claims for money damages against the University–be dismissed. Nothing in either Dillon–Barber's complaint, her opposition to the motion for summary judgment, or her brief on appeal intimates that her ADA claims are brought other than under Title I of that statute, and *Garrett* therefore entirely governs those claims. We will, however, remand the ADA claims against the state[2] to the district court with instructions that they be dismissed without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir.1999) (holding that an action barred by the 11th Amendment must be dismissed without prejudice).

We do not view Dillon–Barber's letter brief as abandoning her claims under the Rehabilitation Act, however, because she explicitly acquiesced in their dismissal "on federalism grounds." After we received the letter brief from Dillon–Barber, a panel of this court decided *Nihiser v. Ohio Envtl. Prot. Agency*, 269 F.3d 626 (6th Cir.2001), in which we held that states waive their Eleventh Amendment immunity with regard to Rehabilitation Act claims (under 42 U.S.C. § 2000d–7) when they accept federal funds, and therefore, a plaintiff may sue a state under § 504 of the Rehabilitation Act. We think that Dillon–Barber ought not to be held to her decision that she would not contest the

---

1. The district court's confusion with respect to the capacity in which these two defendants were sued is understandable. The caption of the complaint names as defendants "Regents of the University of Michigan, Susan Sheppard, individually, and Linda Boyle Creps, individually." Her complaint makes no mention of Sheppard and Creps in their individual capacities until Count IX, the § 1983 claim. There, Dillon–Barber specifies Sheppard's and Creps's supervisory capacities and claims that each "acted under color of law when she took the actions alleged in this complaint." In her opposition to the Defendants' motion for summary judgment, however, Dillon–Bar-

ber did not argue that she brought her § 1983 claim against Sheppard and Creps in their individual capacities. Instead she argued only that the Eleventh Amendment does not shield an individual acting in an official state capacity from prospective injunctive relief, and because she sought such relief, the § 1983 claim should not be dismissed.

2. Dillon–Barber does not challenge the district court's dismissal of the ADA and the Rehabilitation Act claims against Creps and Sheppard individually.

dismissal of the Rehabilitation Act claims on federalism grounds.

The district court, however, did not dismiss the Rehabilitation Act claims on those grounds, but on their merits. The district court concluded that Dillon–Barber was neither disabled nor handicapped as those terms are defined in the ADA and the Rehabilitation Act,[3] and that even assuming that she had made out a prima facie case of retaliation under the Rehabilitation Act–which the court held she had not–she had wholly failed to provide evidence of pretext. After carefully reviewing the record before us and the parties' briefs on appeal, we are persuaded that nothing more is required for us to address these claims on their merits, and we agree with the district court's analysis. For the reasons stated by that court, we affirm the judgment on those claims in favor of the state.

The issues remaining for determination in this appeal are whether the district court erred in dismissing the § 1983 claim against Sheppard and Creps[4] and whether the district court erred in dismissing the state law claims with prejudice when those claims had already been dismissed by stipulation of the parties without prejudice.

Dillon–Barber's § 1983 claim against Sheppard and Creps alleges that their actions "deprived Plaintiff of rights, privileges and immunities secured by the Constitution and laws of the United States, including, without limitation, her right to privacy under the First Amendment and her rights to be free from discrimination under the ADA and the Rehab Act." Dillon–Barber does not challenge the district court's holding that "to the extent that Plaintiff's § 1983 claim is based upon alleged violations of the ADA and the Rehabilitation Act it must be dismissed. 'A section 1983 claim, based on a violation of a federal statute does not lie where Congress has foreclosed a section 1983 remedy through sufficiently comprehensive remedial and enforcement apparatus in the underlying federal statute.'" She does challenge the district court's dismissal of her constitutional claims included in the § 1983 count. We will affirm the dismissal of the § 1983 claim, but for reasons different from those relied on by the district court.

■ The gravamen of Dillon–Barber's constitutional claim is that the actions of Sheppard and Creps in sending her to a psychiatrist for an evaluation of her claimed disability and for a second opinion with regard to that disability and her need for accommodations at work violated a right to privacy guaranteed by the First Amendment. On appeal, Dillon–Barber has expanded this claim to include a privacy right under the Fourth Amendment. Dillon–Barber has pointed to no authority that identifies a right of privacy in the First Amendment, and we are aware of none. Nothing in her pleadings in the district court provided any notice that she actually intended to claim that these defendants had violated her Fourth Amendment right to be free from unreasonable search

---

3. 29 U.S.C. § 794(d) provides:
   The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12201 to 12204 and § 12210), as such sections relate to employment.

4. Dillon–Barber does not appeal the dismissal with prejudice of her § 1983 claim against the University.

and seizure. We will not entertain an argument raised for the first time on appeal. We hold that the § 1983 claim against Sheppard and Creps wholly failed to state any claim upon which relief may be granted, and for that reason, we affirm the dismissal of that claim. It is therefore unnecessary for us to address the question of whether Sheppard and Creps were sued in their individual capacities or only in their official capacities.

Dillon–Barber's complaint asserted four claims under Michigan law (Counts III, IV, VII, and VIII). On October 7, 1998, the district court entered an order, approved and signed by all of the parties, dismissing those counts without prejudice. Because all parties who had appeared in the action agreed to dismiss those counts, Rule 41(a)(1)(ii) governed the dismissal. *See* FED. R. CIV. P. 41(a)(1)(ii). Under that rule, the parties had an absolute right to dismiss the state-law claims and, although the parties apparently elected to do so by an agreed order signed by the district court judge, no judicial action was necessary to effect the dismissal of those claims. *See Green v. Nevers,* 111 F.3d 1295, 1301 (6th Cir.1997) ("[A] properly stipulated dismissal under Rule 41(a)(1)(ii) is self-executing and does not require judicial approval[.]").[5]

On September 9, 1999, the district court granted summary judgment for Sheppard and Creps against Dillon–Barber on Counts I through VIII, citing the concession by Dillon–Barber's lawyer at oral argument that those individual defendants were not employers under the ADA and the Rehabilitation Act. Obviously, Counts I through VIII included Counts III, IV, VII,

and VIII, which had been dismissed a year earlier pursuant to the parties' stipulation under Rule 41(a)(1)(ii). The district court also analyzed Counts III, VII and VIII as those counts were alleged against the University (the court concluded that Dillon–Barber had abandoned Count IV), and held that the University was entitled to judgment on Counts III, VII and VIII. The decretal provisions of the district court's summary-judgment order dismissed the complaint, in its entirety, with prejudice.

■ We hold that the district court lacked jurisdiction to dismiss with prejudice those claims that had previously been dismissed without prejudice by stipulation of the parties. *See Meinecke v. H & R Block of Houston,* 66 F.3d 77, 82 (5th Cir.1995) (District court's order granting summary judgment on claims previously dismissed pursuant to Rule 41(a)(1)(ii) stipulation was "void."). We therefore vacate the district court's order to the extent that order purports to dismiss Counts III, IV, VII, and VIII with prejudice.

## CONCLUSION

For the foregoing reasons, we vacate the district court's order to the extent that it dismisses with prejudice Dillon–Barber's state law claims against all defendants and ADA claims against the state; we remand those counts to the district court with instructions that they be dismissed *without* prejudice. We affirm the portion of the judgment dismissing with prejudice the ADA claims against Sheppard and Creps individually, and the Rehabilitation Act claims and the § 1983 claims against all of

---

**5.** *See also In re Wolf,* 842 F.2d 464, 466 (D.C.Cir.1988) (per curiam) ("[C]aselaw concerning stipulated dismissals under Rule

41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automati-

the defendants.[6]

cally and does not require judicial approval.") (quotation and citation omitted).

6. As we noted above, Dillon–Barber does not appeal the dismissal of her § 1983 claim against the University. That dismissal was properly granted with prejudice because, as the district court properly pointed out, as an arm of the state, the University is not a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).