**Donald Ray WARD, Plaintiff–Appellant,**

v.

**Bill MARTIN, MDOC Director,**

**Defendant–Appellee.**

No. 03–1572.

United States Court of Appeals, Sixth Circuit.

March 9, 2004.

Donald Ray Ward, Jackson, MI, pro se.

John L. Thurber, Asst. Atty. General, Office of the Attorney General, Lansing, MI, for Defendant–Appellee.

Before SILER, MOORE, and SUTTON, Circuit Judges.

*ORDER*

Donald Ray Ward, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ward filed this civil rights action asserting that defendant Bill Martin violated his rights under the Americans With Disabilities Act ("ADA"), when he issued a memorandum causing Ward's removal as a prison food services worker due to his hepatitis status. Ward was subsequently given a new position and back pay for lost wages. Ward also claimed that the defendant's action violated his rights under the Eighth Amendment, as well as his right to have medical information kept confidential. The defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment. The matter was referred to a magistrate judge who recommended that the defendant's motion for summary judgment be granted. The district court adopted the magistrate judge's report and recommendation over Ward's objections. This appeal followed.

We review a grant of summary judgment de novo. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir.2002), *cert. denied*, 537 U.S. 1168, 123 S.Ct. 966, 154 L.Ed.2d 908 (2003). Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment for the defendant. This court held in *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808 (6th Cir.2002) (en banc), *cert. denied*, 537 U.S. 812, 123 S.Ct. 72, 154 L.Ed.2d 15 (2002), that the Eleventh Amendment barred Title II ADA claims based upon the Equal Protection Clause, but did not bar Title II ADA claims based upon the Due Process Clause. *See also Carten v. Kent State Univ.*, 282 F.3d 391 (6th Cir.2002); *Robin-son v. Akron Sch. of Law*, 307 F.3d 409 (6th Cir.2002). Ward's claims are clearly based upon equal protection violations. Ward has not asserted that he was denied any due process protections as a result of his hepatitis status. Accordingly, summary judgment for the defendant was proper.

Finally, we note that Ward's brief on appeal does not address the district court's Eighth Amendment analysis nor the analysis regarding the release of medical information. Generally, issues raised in district court but not on appeal are considered abandoned and not reviewable on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). Therefore, these claims will not be reviewed.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.