**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a1006n.06
Filed: December 22, 2005

**04-3659**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| AJAMU M. KAFELE and LISA BARCLAY, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| LERNER, SAMPSON & ROTHFUSS, | ) | SOUTHERN DISTRICT OF OHIO |
| L.P.A., et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: DAUGHTREY and COLE, Circuit Judges; HEYBURN,[*] District Judge.

PER CURIAM. Plaintiffs Ajamu Kafele and Lisa Barclay appeal an order of the district court dismissing the complaint that they filed against defendants Lerner, Sampson & Rothfuss, L.P.A., a law firm, and attorneys Amelia C. Roberts, Jill L. Dimitt, Robert Charles Dix, Adam R. Fogelman, and Kathleen E. Kahman (collectively, "the attorney defendants"), and against defendants Wells Fargo Home Mortgage, National City Mortgage Company, IndyMac Bank, M&T Mortgage Corporation, Countrywide Home Loans, and the Bank of New York (collectively, "the mortgage company defendants"). Addressing motions to dismiss filed by several defendants under Federal Rule of Civil Procedure 12(b)(6), the

---

[*]The Hon. John G. Heyburn, II, Chief District Judge for the Western District of Kentucky, sitting by designation.

district court held that, under the *Rooker-Feldman* doctrine, it lacked subject matter jurisdiction over the case and, consequently, dismissed the complaint and denied as moot the plaintiffs' motion for leave to file an amended complaint.  Finding no error, we affirm these rulings.

## I.  FACTUAL AND LEGAL BACKGROUND

The complaint in this case alleged that in 1998 plaintiff Lisa Barclay entered into a series of agreements to purchase eight investment properties in the Columbus, Ohio, area. To finance the purchase of these properties, Barclay secured financing from the mortgage company defendants.  After Barclay defaulted on her mortgage obligations on all of the loans, each of the mortgage company defendants brought a foreclosure action against her in the state court of common pleas.  Judgment entries and foreclosure decrees were entered against Barclay in all cases, and the properties were ordered to be sold.

Following the litigation in state court, Kafele and Barclay filed this lawsuit *pro se* in the federal court in 2003, alleging, among many other things, that the actions of mortgage company defendants and the attorney defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 (d-f), and deprived them of procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution. The plaintiffs also asserted that the attorney defendants had committed intentional breach of fiduciary duties, fraud, defamation, and tortious interference with property rights, all in violation of Ohio law, by filing foreclosure actions in state court against plaintiff Barclay.

The district court characterized the claims against the mortgage company defendants as an "attempt to appeal the prior state court adjudication" and held that the federal action was prohibited as a matter of law by the *Rooker-Feldman* doctrine. The district court also ruled that the attorney defendants were immune from suit on the state law claims. The plaintiffs now appeal the dismissal of the complaint.

## II.  DISCUSSION

### A.  Standard of Review

We review de novo a district court's grant of a motion to dismiss on the basis of subject matter jurisdiction. *See Nihiser v. Ohio Envtl. Prot. Agency*, 269 F.3d 626, 627 (6th Cir. 2001). A district court's denial of motions for leave to amend the complaint and to vacate the judgment are reviewed for an abuse of discretion. *See Hamad v. Woodcrest Condo Ass'n*, 328 F.3d 224, 237 (6th Cir. 2003); *Hansmann v. Fidelity Ins. Inst'l Servs. Co.*, 326 F.3d 760, 766 (6th Cir. 2003).

### B.  *Rooker-Feldman* Abstention

In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under the *Rooker-Feldman* doctrine, a litigant who loses in state court may not seek "what in substance would be appellate review of the state judgment in

a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005) (internal citation omitted). *See also Johnson v. De Grandy*, 512 U.S. 997 (1994). The proper avenue to redress such grievances is application to the United States Supreme Court for a writ of certiorari to review a final decision of a state's highest court, pursuant to 28 U.S.C. § 1257.

The *Rooker-Feldman* doctrine proceeds on two fronts. "First, in order for the *Rooker-Feldman* doctrine to apply to a claim presented in federal district court, the issue before the Court must be [inextricably intertwined] with the claim asserted in the state court proceeding." *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) (internal citation omitted). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* (internal citation omitted). Second, the *Rooker-Feldman* doctrine precludes federal court jurisdiction where the claim is "a specific grievance that the law was invalidly–even unconstitutionally–applied in the plaintiff's particular case." *Id.* (internal citation omitted). Exceptions to this doctrine of abstention exist when plaintiffs attack the constitutionality of the statute or authority for the state court proceedings themselves, *see Howard v. Whitbeck*, 382 F.3d 633, 639 (6th Cir. 2004), or raise "a general challenge to the constitutionality of the state law applied in the state action," *Catz*, 142 F.3d at 293; *see also Patmon v. Mich. Sup. Ct.*, 224 F.3d 504, 509-10 (6th Cir. 2000), but neither of these exceptions applies here.

The district court in this case was correct in ruling that it had no subject matter jurisdiction over the plaintiffs' claims under the *Rooker-Feldman* doctrine. That the plaintiffs' claims are indeed "inextricably intertwined" is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court. Each of the myriad and vague claims set forth by the plaintiffs rests on the premise that the state court entry of foreclosure was invalid. For example, plaintiffs assert that the bank defendants and their respective attorneys committed wilful fraud by bringing actions of foreclosure without being holders in due course of their claims. But, the judgment of foreclosure issued in each instance implicitly and explicitly finds otherwise. Likewise, the plaintiffs' claims that the promissory notes failed for lack of consideration is implicitly refuted by the state court judgment of foreclosure. The judgments, entered in default, explicitly state that all necessary parties were properly served. Without a holding that the state court was wrong on this point, there is no way for this court to find that the plaintiffs' procedural due process rights have been violated.

At bottom, the plaintiffs seek to overturn the decrees of foreclosure, duly entered in the courts of Ohio. This is an especially brazen request given the fact that they failed to appear before those courts but then raised multifarious claims of federal, state, and common law infractions created by the issuance of the state court decrees in federal district court. Besides being utterly frivolous, the plaintiffs' claims are "predicated on their conviction that the state courts were wrong" and, therefore, satisfy "the very definition" of

a case requiring *Rooker-Feldman* abstention. *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937-38 (6th Cir. 2002).

## C. Dismissal of Claims against the Attorney Defendants

To the extent that the plaintiffs' claims against the attorney defendants in this action are distinct from the claims that attack the validity of the state foreclosure decrees, these claims fall outside the parameters of abstention under *Rooker-Feldman*. The *Rooker-Feldman* doctrine does not preclude federal courts from reviewing claims alleging that the state court judgment was procured by fraud, deception, accident or mistake. *See In re Sun Valley Foods*, 801 F.2d 186, 189 (6th Cir. 1986). Nor does *Rooker-Feldman* prevent us from exercising discretionary supplemental jurisdiction over state law claims ancillary to the dismissed federal claims. *See, e.g.*, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725-26 (1966).

The district court granted the attorney defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Noting that under Ohio law, counsel are absolutely immune from civil suits for statements or defamatory remarks made during and relevant to judicial proceedings, the court found that the plaintiffs' claims were based solely on actions taken by defendants in their representative capacities in the state foreclosure proceedings, citing *Windsor v. The Tennessean*, 719 F.2d 155 (6th Cir. 1983).

Although it is true, as the district court noted, that each of the plaintiffs' claims against the attorney defendants arises out of actions taken pursuant to their representative capacity, the rule of absolute immunity applies only to defamation suits. Therefore, the district court was correct in granting dismissal with respect to the plaintiffs' defamation claims. However, this ruling does not dispose of the remainder of the plaintiffs' claims against the attorney defendants.

Instead, we conclude that the rest of the plaintiffs' claims must be dismissed for lack of specificity under Federal Rule of Civil Procedure 8(a). Traditionally, we have applied a less stringent standard to the pleadings of *pro se* litigants than to pleadings prepared by an attorney. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, *pro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity. *See United States v. Layne*, 192 F.3d 556, 566-567 (6th Cir. 1999); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). In the case at hand, the plaintiffs raise dozens of claims that are lacking in both supportive factual allegations and directed legal arguments. Despite the fact that plaintiffs are far from first-time litigants, and even given the degree of latitude afforded the pleadings of *pro se* litigants, their' claims against the attorney defendants fall short of federal notice pleading requirements. At the very least, "trial and appellate courts should not have to guess at the nature of the claim asserted." *Moore v. City of Harriman*, 272 F.3d 769, 778 n.7 (6th Cir. 2001)(Suhrheinrich, J., dissenting); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 at 436 (6th Cir. 1988) ("more than bare assertions of legal conclusions is ordinarily required to satisfy

federal notice pleading requirements"). To the extent that the plaintiffs asserted claims against the attorney defendants that are not entitled to absolute immunity, those claims failed to conform to federal pleading requirements and were therefore properly dismissed, although for a reason different from that given by the district court.

## D. Other Rulings

The district court also denied as moot the plaintiffs' motion for leave to amend their complaint. We review the denial of a motion for leave to amend the complaint for an abuse of discretion, *see Leary v. Daeschner*, 349 F.3d 888, 904 (6th Cir. 2003), and we find no such abuse in this case. The district court likewise did not abuse its discretion in denying the plaintiffs' motion to vacate, alter, or amend the judgment under Federal Rule of Civil Procedure 59(e), because the motion was not based on a change in the law, previously unavailable evidence, clear error of law, or manifest injustice. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Finally, the district court addressed the merits of the plaintiffs' claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, against the mortgage company defendants. While noting that these claims were subject to dismissal under *Rooker-Feldman*, the court ruled "for the sake of completeness" that the Act by its terms does not apply to transactions that are not for personal, family, or household purposes, 15 U.S.C. § 1692(a)(5), and noted that the plaintiffs did not allege that the properties in question were anything other than rental properties. Because we agree that *Rooker-Feldman* abstention

is required, we decline to address the district court's ruling on the merits of the plaintiffs'

statutory claims.

### III.  <u>CONCLUSION</u>

For the reasons set out above, the judgment of the district court is AFFIRMED.