NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0284n.06
Filed: May 20, 2008

07-2359

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Jason Givens, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Homecomings Financial, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| Trott & Trott, P.C., | ) | |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| Susan Myers, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: ROGERS, COOK, and McKEAGUE, Circuit Judges.

ROGERS, Circuit Judge. Jason Givens appeals the dismissal of his Fair Debt Collection

Practices Act ("FDCPA") action under the doctrines of *Rooker-Feldman* and *res judicata*. Givens's

mortgagee obtained a state court order granting it possession of Givens's residence after he defaulted

on his home mortgage. Givens then filed the immediate action in district court, seeking an

injunction barring the enforcement of the order of possession. Because Givens's suit is essentially

an appeal from a state court decision, we affirm. The federal district courts do not hear appeals from state courts.

In December 2004, Givens executed a mortgage on his home. He defaulted on the loan shortly thereafter, and the mortgagee, JP Morgan Chase bank, foreclosed. After a sheriff's sale was held, JP Morgan Chase brought an eviction action in Michigan's 36th District Court. That court issued an order granting possession to JP Morgan Chase and requiring Givens to vacate the premises. Givens appealed that judgment to the Wayne County Circuit Court, but the appeal was dismissed due to his failure to file a transcript of the lower court proceedings.

In December 2006, Givens brought the instant action in federal district court against Homecomings Financial, who was JP Morgan Chase's loan servicer, as well as against the attorneys who assisted JP Morgan Chase in the state proceedings. Givens alleged that defendants violated the FDCPA by failing to provide him with sufficient verification of his debt. He also brought related claims for conspiracy, intentional infliction of emotional distress, and violations of RICO. Foremost among the remedies requested, Givens asked that the district court issue a preliminary injunction enjoining defendants from entering the property at issue and "dispos[ing] of" the order of possession. After defendants moved for summary judgment, the district court dismissed Givens's complaint. The district court concluded that, under the *Rooker-Feldman* doctrine, it lacked subject matter jurisdiction over the suit because Givens was asking it to reverse the state court judgment. In the alternative, it held that Givens's suit was barred by the doctrine of *res judicata*, as his claims were either litigated, or could have been, during the state proceeding.

The district court was correct. Because Givens is effectively attempting to appeal from the state order granting possession to JP Morgan Chase, his suit was properly dismissed under *Rooker-Feldman*. Pursuant to that doctrine, lower federal courts lack subject matter jurisdiction to review the decisions of state courts. *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). As the Supreme Court has recently clarified, however, the application of *Rooker-Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, *Rooker-Feldman* deprives a lower court of jurisdiction only when the cause of the plaintiff's complaints is the state judgment itself. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

Givens's suit fits squarely within this narrow range of cases over which jurisdiction does not exist. It is clear from his complaint that the source of Givens's injuries is the state possession order. Revealingly, the primary relief that Givens requests in his complaint is a temporary injunction that would "enjoin Defendants from physically entering onto plaintiff[']s property" and that would "dispos[e] . . . of any other civil or procedural action regarding the subject property." Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker-Feldman* was appropriate.[1] *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x

---

[1]Even assuming that Givens's claims for intentional infliction of emotional distress could be construed as independent claims for relief, he has not made any arguments that even remotely assert this on appeal. This court consequently declines to address that issue. *See Overstreet v. Lexington-*

487, 489-90 (6th Cir. 2005) (*Rooker-Feldman* barred FDCPA action filed after entry of state foreclosure decree and order of sale).

For similar reasons, Givens's suit is also barred by the doctrine of *res judicata*. As discussed, Givens's arguments all come down to one premise: that JP Morgan Chase was not entitled to possession of the property in question. That issue, however, has already been litigated in the Michigan courts. Under Michigan law, a party may not bring a second, subsequent action when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004). Because all of those criteria are satisfied here, dismissal was proper.

---

*Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002).