98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Oren Keith SMITH, Plaintiff-Appellant,
v.
Terry P. DUNCAN; Lawrence Mendel, Defendants-Appellees.
 No. 96-3233.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: SUHRHEINRICH, DAUGHTREY, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 Oren Keith Smith, proceeding pro se, appeals a district court order dismissing his civil rights suit filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Smith sued an optometrist employed by the Ohio Department of Rehabilitation and Correction (ODRC) and the Medical Director for ODRC, in their individual and official capacities, alleging that these defendants subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights. A magistrate judge recommended granting the defendants' motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), concluding that the federal suit was barred under the doctrine announced in Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities, 825 F.2d 946 (6th Cir.1987), cert. denied, 487 U.S. 1204 (1988). Upon de novo review of that report and of the plaintiff's objections, the district court adopted the recommendation and dismissed the complaint. On appeal, Smith argues that the Leaman doctrine does not apply to his case, because he had voluntarily dismissed his suit in the Ohio Court of Claims.
 
 
 3
 Upon review, we affirm the district court's order, but for reasons other than that stated by the district court. City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994). Whether the district court properly dismissed this suit under Rule 12(b)(6) is a question of law subject to de novo review. LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1103 (6th Cir.1995). The district court's decision to dismiss the case because the plaintiff had waived his right to sue in federal court under § 1983 is also a decision subject to de novo review. Cordrey v. Euckert, 917 F.2d 1460, 1465 (6th Cir.1990), cert. denied, 499 U.S. 938 (1991).
 
 
 4
 Smith's § 1983 complaint is not barred under Leaman, because Smith did not "knowingly, intelligently, and voluntarily" waive his right to sue the defendants in federal court. Leaman, 825 F.2d at 956. Smith's act of voluntarily dismissing his state court suit shows that he was not aware that such filing would operate as a waiver under Ohio law. The defendants have come forth with no evidence to show that the plaintiff was familiar with the provisions of Ohio's Court of Claims Act. Moreover, this court has never held that the Leaman doctrine applies to cases where a state court has never reached the merits of a complaint.
 
 
 5
 Nonetheless, we affirm the judgment dismissing Smith's complaint because Smith failed to state a claim of deliberate indifference under the Eighth Amendment. Prison authorities may be sued for deliberate indifference to a serious medical need of a prisoner under the Eighth Amendment when such indifference constitutes "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The officials' conduct or lack of conduct must demonstrate a knowing indifference to a serious medical need. See, e.g., Hicks v. Frey, 992 F.2d 1450, 1454-57 (6th Cir.1993).
 
 
 6
 Smith admits that Dr. Duncan, the optometrist assigned to examine the prisoners at the Ross Correctional Institution in Chillicothe, Ohio, had seen Smith on several occasions over a period of 14 months, and had made several attempts to satisfy Smith with a proper eyeglass prescription. Smith presented no facts to support his claim that this optometrist was deliberately indifferent to Smith's need for an accurate eyeglass prescription or that the optometrist had intentionally written erroneous prescriptions for Smith. Even if Duncan's actions arose to a level of negligence and medical malpractice, these acts would not become a constitutional violation merely because Smith is a prisoner. Estelle, 429 U.S. at 106. Because Smith has not stated an Eighth Amendment claim against Duncan, his claim against Mendel must be dismissed, as well.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation