James R. KAJFASZ, Plaintiff–
Appellant,

v.

James S. HAVILAND, Warden, et
al., Defendants–Appellees.

No. 01–3606.

United States Court of Appeals,
Sixth Circuit.

Jan. 15, 2003.

Before BOGGS and COLE, Circuit
Judges; and BATTANI,* District Judge.

OPINION

COLE, Circuit Judge.

This action arises out of a prisoner's claim pursuant to 42 U.S.C. § 1983 that he was denied necessary dental treatment for over seven months, resulting in permanent physical injuries and violating his rights under the Eighth Amendment of the United States Constitution. The prisoner. Plaintiff–Appellant James R. Kajfasz, now appeals from the district court's grant of the motion by Defendants–Appellees Allen Correctional Institute ("ACI") Health Services Administrator Christy Barkimer and ACI Dental Hygienist Gretchen Matty (together, "Defendants")[1] to dismiss for lack

---

* The Honorable Marianne O. Battani, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Kajfasz initially filed suit against ACI Warden James S. Haviland, ACI Health Services Administrator Christy Barkimer, ACI Dental Hygienist Gretchen Matty, ACI Deputy Warden of Special Services Jodi Wince, ACI Cashier Sharon Sawmiller, ACI Institutional Inspector John D. Moore. Correctional Medical Center Dentist Edward Amos, Ohio Department of Rehabilitation and Correction ("ODRC") Assistant Chief Inspector Annette Chambers, and ODRC Director Reginald Wilkinson. In a February 26, 2001 order, the district court dismissed all of Kajfasz's claims against defendants Haviland. Moore. Amos, Chambers, Wilkinson, Wince, and Sawmiller pursuant to 28 U.S.C. § 1915(e). The case then proceeded solely on Kajfasz's Eighth Amendment claims against Barkimer and Matty.

of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1).

This appeal presents one issue for our review: (1) whether the district court properly granted Defendants' motion to dismiss for lack of subject matter jurisdiction because Kajfasz waived his federal claim by filing a complaint for the same action in the Ohio Court of Claims. For the following reasons, we REVERSE the judgment of the district court and REMAND for further proceedings.

## BACKGROUND

### A. Factual Background

On November 16, 2000, *pro se* plaintiff James R. Kajfasz filed the above-captioned action pursuant to 42 U.S.C. § 1983 against Allen Correctional Institution and a number of institution and state officials. Plaintiff–Appellant alleges he was denied necessary dental care, in violation of his Fifth, Sixth, and Eighth Amendment rights.

Appellant alleges that after losing a tooth filling in June 1999, he made several requests to be seen by the prison dentist. In response to these requests, he was told that he was placed on the "filling list" and would be seen as soon as possible. Over the next several months, Appellant's tooth condition allegedly worsened and he continued to make requests to be seen by the dentist. In response, he was told that he was still on the list, and that he could be seen for "nurse screening" if the situation warranted emergency treatment. In response to one of Appellant's requests, prison staff inquired as to whether Appellant was experiencing an abscess or swelling of the gum. Appellant failed to respond to this inquiry.

Beginning in late December 1999, Mr. Kajfasz filed a series of complaints and grievances, which were ultimately denied with the response that he was on the filling list and could seek emergency treatment from the nurse if necessary. When Mr. Kajfasz was seen by the dentist in February 2000. he was experiencing a gum infection and it was necessary for his tooth to be removed.

### B. Procedural History

On June 8, 2000, Kajfasz filed a *pro se* suit in the Ohio Court of Claims, which ordered him to either pay the proper filing fee or submit a poverty affidavit accompanied by a cashier's prison trust account statement. Plaintiff made a request to the prison cashier for a copy of his personal account statement. The cashier responded by stating that Kajfasz needed to send her the completed affidavit form along with a stamped, addressed envelope and she would forward the documentation to the court. Appellant sent another request that the account statement be provided to him directly so that he could complete a portion of the form. Several more responses and replies were exchanged in which Appellant requested his account statement and the cashier refused to provide it before Appellant ultimately sent the form to the Ohio Court of Claims without the account statement. On July 21, 2000, the Ohio Court of Claims dismissed Kajfasz's action without prejudice for failing to file a supported affidavit of indigency. To date, Kajfasz has not re-filed his complaint with the Ohio Court of Claims with the proper indigency forms.

Kajfasz filed this *pro se* action under 42 U.S.C. § 1983 on November 16, 2000. On February 26, 2001, the district court dismissed, pursuant to 28 U.S.C. § 1915(e), Kajfasz's Fifth and Sixth Amendment claims, and Kajfasz's Eighth Amendment claims against Haviland, Moore, Amos, Chambers, Wilkinson. Wince, and Sawmiller. On March 21, 2001, Barkimer and

Matty moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because an identical action had been filed in the Ohio Court of Claims. The district court granted the motion to dismiss on April 18, 2001. Kajfasz filed a timely notice of appeal on May 17, 2001.

## DISCUSSION

### 1. STANDARD OF REVIEW

We review *de novo* the district court's grant of a motion to dismiss for lack of subject matter jurisdiction. *See Tropf v. Fidelity Nat'l Title Ins. Co.,* 289 F.3d 929, 936 (6th Cir.2002) (citing *Nihiser v. Ohio Envtl. Prot. Agency,* 269 F.3d 626, 627 (6th Cir.2001)).

### 2. ANALYSIS

Kajfasz argues that because he was not aware of the waiver requirement of Ohio Revised Code § 2743.02(A)(1), it should not apply to him. Section 2743.02(A)(1) states,

> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code.

Section 109.36(A) provides,

> "Officer or employee" means any person who, at the time a cause of action against him arises, is serving in an elected or appointed office or position with the state; is employed by the state; or is rendering medical, nursing, dental, podiatric, optometric, physical therapeutic, psychiatric, or psychological services pursuant to a personal services contract with a department, agency, or institution of the state.

This Court has previously held that a state statute may provide for waiver of a cause of action including federal statutory claims under § 1983. *See Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 825 F.2d 946, 952 (6th Cir.1987) (en banc), *cert. denied,* 487 U.S. 1204, 108 S.Ct. 2844, 101 L.Ed.2d 882 (1988). In *Leaman,* this Court found that § 2743.02(A)(1) does not conflict with federal law, and, thus, that the choice to sue in the Ohio Court of Claims may constitute waiver of the right to file a § 1983 action in federal court. *Id.: accord Thomson v. Harmony,* 65 F.3d 1314, 1319 (6th Cir.1995) ("A plaintiff may sue the state under § 1983 in the Court of Common Pleas instead of the Court of Claims, but if he chooses the latter, he is bound by his decision."); *see also Turker v. Ohio Dep't of Rehab. & Corr.,* 157 F.3d 453, 458 (6th Cir.1998) (recognizing *Leaman* as the law of the circuit despite the fact that the opinion produced six dissenters and has been the target of much scholarly criticism).

However, Kajfasz claims that he should be excused from the waiver requirement of § 2743.02(A)(1) because he was unaware of the consequences of filing in the Ohio Court of Claims. This Court has implicitly required waiver of a claim pursuant to § 2743.02(A)(1) to be knowing, intelligent, and voluntary. *See Leaman,* 825 F.3d at 956. In *Leaman,* we held that plaintiff's waiver was presumed to be knowing, intelligent, and voluntary because she was "represented by competent counsel when she filed her action in the Court of Claims, and counsel must be presumed to have known what the Court of Claims Act said." *Id.* Similarly, in *Turker* we found that a knowing, intelligent, and voluntary waiver is presumed when the plaintiff is represented by competent counsel: "Since Turker does not allege that her counsel was incompetent ... we, like the *Leaman* panel, must presume that counsel under-

stood the meaning of the O.C.C.A." 157 F.3d at 459.

However, *Leaman* and *Turker* are distinguishable from the instant case. Unlike Leaman and Turker, Kajfasz is proceeding *pro se.* As such, there can be no presumptive finding that he knowingly, intelligently, and voluntarily waived his § 1983 claim in federal court when he filed suit in the Ohio Court of Claims. *Compare Leaman,* 825 F.2d at 956 (deeming adequate district court's finding of knowing, intelligent, and voluntary waiver based "upon the fact that Ms. Leaman was represented by competent counsel when she filed her action in the Court of Claims, and counsel must be presumed to have known what the Court of Claims Act said"), *with Smith v. Duncan,* 98 F.3d 1342, 1996 WL 583413, at *1 (6th Cir.1996) (unpub'd) (finding no evidence to support district court's finding that pro se prisoner plaintiff had knowingly, intelligently, and voluntarily waived his right to sue in federal court). Because the district court made no factual finding as to whether Kajfasz knowingly, intelligently, and voluntarily waived his right to proceed in federal court by filing in the Ohio Court of Claims and the record supports no such finding, we find it necessary to remand the matter to the district court for a determination of whether Kajfaz acted knowingly, intelligently, and voluntarily.

Additionally, the final sentence of § 2743.02(A)(1) provides one exception to this waiver:

> The waiver [of claims against individual state employees] shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Oнio Rev.Code § 2743.02(A)(1).

Kajfasz does not qualify for the § 2743.02(A)(1) exception to the waiver.

Only the Ohio Court of Claims may make the determination that the employee "acted with malicious purpose, in bad faith, or in a wanton or reckless manner." *Turker,* 157 F.3d at 458. The Ohio Court of Claims made no such determination here, though this finding is not foreclosed if Kajfasz chooses to re-file his claim. *See id.*

## CONCLUSION

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.