NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0113n.06

No. 10-3879

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Jan 31, 2012***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| Norman Fischer, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| Kent State University, Tiffany Murray, and David | ) | THE NORTHERN DISTRICT OF |
| Odell-Scott, | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |

Before: SILER and GRIFFIN, Circuit Judges; TARNOW, District Judge.[*]

**SILER**, Circuit Judge. Plaintiff Norman Fischer appeals from the district court's grant of

summary judgment to Defendants Kent State University ("KSU"), Tiffany Murray, and David Odell-

Scott based on waiver under the Ohio Court of Claims Act. For the following reasons, we **AFFIRM**

the district court's judgment.

**I.**

In 2009, Fischer filed the instant action against KSU, Murray, and Odell-Scott. The original

complaint and subsequent amended complaints alleged violations of First Amendment and due

process rights and deprivation of liberty.

The next day, Fischer filed a complaint in the Ohio Court of Claims against KSU and three

university employees: Deborah C. Smith, Murray, and Odell-Scott. The complaint asserted claims

---

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of
Michigan, sitting by designation.

for intentional infliction of emotional distress, defamation, and violations of Ohio Revised Code §§ 149 and 1347.10.

The district court ordered Fischer to file a first amended complaint to set out each claim in more detail. Once that amended complaint had been filed, the defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). In the motion, the defendants argued that Fischer waived the instant action against the individual defendants by pursuing a complaint in the Ohio Court of Claims and that Fischer cannot gain relief against KSU because of sovereign immunity. Rather than address the motion, the district court granted Fischer leave to file a second amended complaint and afforded the defendants leave to re-file their motion, as appropriate.

The second amended complaint broadened the factual allegations and relief sought. Notably, the first paragraph of allegations included the following statement: "Plaintiff has filed a similar action in the Ohio Court of Claims and is in the process of dismissing that action."

The defendants answered the second amended complaint. Their answer included the affirmative defenses of waiver under the Ohio Court of Claims Act, qualified immunity, and sovereign immunity. Subsequently, the defendants again moved for summary judgment.

The district court granted the motion for summary judgment, finding the allegations in the Court of Claims action and the instant matter to be similar and concluding that filing of the Court of Claims action evinced a waiver of the instant matter as to all defendants. It did not address sovereign immunity.

**II.**

No. 10-3879
Fischer v. Kent State University et al.

We review de novo a district court's grant of summary judgment. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). Fischer contends that the district court should not have granted summary judgment to the defendants because of the order of filing of the instant matter and the Court of Claims matter and because those two actions address wholly different acts or omissions. KSU concedes that it should not have been granted summary judgment based on waiver, but seeks affirmance on the alternative ground of sovereign immunity.

The Ohio Court of Claims Act provides a conditional waiver of state sovereign immunity as follows:

> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Ohio Rev. Code § 2743.02(A)(1). The "complete waiver of any cause of action" extends to federal causes of action. *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 952 (6th Cir. 1987) (en banc).

Based on this waiver, the district court correctly granted summary judgment to the individual defendants on Fischer's claims for monetary damages because the sequence of filing the actions does not matter and the actions address similar acts or omissions. When a defendant pleads the affirmative defense of waiver, the analysis simply concerns whether the same or a similar action has been pursued in the Ohio Court of Claims, independent of distinctions about sequence of filing. *See, e.g.*, *id.* at 948.

- 3 -

Moreover, the instant action and Ohio Court of Claims action address similar acts or omissions. Fischer's own second amended complaint terms the two actions as "similar." On brief, Fischer first strives to make a distinction between claims sounding only in federal law (the instant action) or state law (the Court of Claims action), but this argument lacks merit because federal- and state-law claims may apply to similar acts or omissions. Later, Fischer contends that the Court of Claims action concerns only the investigation of Fischer that ended well before the eventual sanction, whereas the instant action addresses the sanction and imposition of same. This argument rather obviously fails, too, because Fischer named Murray – an "investigator for the Affirmative Action Office" – as a defendant in the instant action. Allegations in the second amended complaint directly address the investigation of Fischer.

Fischer also contends that this court should remand the matter to the district court for a determination of whether the individual defendants acted with "a malicious purpose, in bad faith, or in a wanton or reckless manner" under the Court of Claims Act. However, only the Ohio Court of Claims may make that determination. *Turker v. Ohio Dep't of Rehab. & Corrections*, 157 F.3d 453, 458 (6th Cir. 1998); *Kajfasz v. Haviland*, 55 F. App'x 719, 722 (6th Cir. 2003). The record does not reflect such a finding by that court at this time. If the Court of Claims makes such finding, then the district court must reinstate Fischer's monetary claims against the individual defendants as though no waiver had ever occurred. *Turker*, 157 F.3d at 458 (citing *Swafford ex rel. White v. Gerbitz*, 860 F.2d 661, 665 (6th Cir. 1998)).

As a state instrumentality, KSU correctly concedes that it should not have received summary judgment based on waiver. In Ohio, public universities constitute instrumentalities of the state.

No. 10-3879
Fischer v. Kent State University et al.

Ohio Rev. Code § 2743.01(A); *Mech. Contractors Ass'n of Cincinnati, Inc. v. Univ. of Cincinnati*, 788 N.E.2d 670, 679 (Ohio Ct. App. 2003). The Court of Claims Act requires a waiver only of causes of action "against any officer or employee," not against instrumentalities. Ohio Rev. Code § 2743.02(A)(1).

However, we affirm the district court judgment on the alternative ground of sovereign immunity. While a federal court may *sua sponte* raise the issue of sovereign immunity, *Colvin v. Caruso*, 605 F.3d 282, 289-90 (6th Cir. 2010), here the defendants pled sovereign immunity as an affirmative defense.

Sovereign immunity applies to KSU as to all of Fischer's monetary damages claims, so this court lacks jurisdiction to consider those matters further. We have consistently held that Ohio public universities, as instrumentalities of the state, should receive the protection of sovereign immunity. *See, e.g.*, *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 570-71 (6th Cir. 2000); *Hall v. Med. College of Ohio at Toledo*, 742 F.2d 299, 301-07 (6th Cir. 1984).

**AFFIRMED**.