**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0513n.06

**No. 11-5928**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| CANDACE MULLINS, natural mother and surviving next of kin of Carlyle Mullins, a deceased minor child, | ) ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellant, | ) ) | STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| v. | ) ) | |
| STEPHANIE HALL; MANDY LEWIS, Individually, | ) ) ) | |
| Defendants-Appellees. | ) | |

FILED

*May 17, 2012*

LEONARD GREEN, Clerk

Before: GIBBONS, ROGERS, and COOK, Circuit Judges.

COOK, Circuit Judge. Candace Mullins appeals the district court's dismissal of her § 1983 claims against defendants Stephanie Hall and Mandy Lewis. We affirm.

This is Mullins's second lawsuit stemming from the death of her five-year old son, Carlyle. She filed her first lawsuit with the Tennessee Claims Commission against the State of Tennessee, claiming that the negligent conduct of social workers from the Tennessee Department of Children's Services ("DCS") led to Carlyle's death. The state court dismissed that case for lack of subject matter jurisdiction, as detailed below. Mullins now asserts § 1983 claims against the social workers in their individual capacities, claiming that their negligent conduct violated Carlyle's civil rights.

According to the Tennessee Court of Appeals opinion from her first lawsuit, Mullins's "three sons, including Carlyle, were removed from their home and placed in foster care on April 18, 2005." *Mullins v. State*, No. M2008-01674-COA-R3-CV, 2009 WL 1372209, at *1 (Tenn. Ct. App. May 15, 2009). Shortly thereafter, DCS approved placement of the children with Lolitha Crook, Mullins's aunt. *Id.* Crook's developmentally disabled daughter, Latara Williams, lived with Crook at the time. *Id.* Approximately three weeks after the placement of the children with Crook, Carlyle died after being "admitted to Vanderbilt's Children's Hospital, where he was diagnosed with a right-sided subdural hemorrhage due to head trauma." *Id.* at *4. According to the Tennessee court, "[t]he record reveals that the Medical Examiner determined the cause of death was inflicted head trauma and that the manner of death was homicide. Three months later, Ms. Williams was arrested and charged with first-degree murder and aggravated child abuse." *Id.* In a footnote, the court noted that the record contained no information regarding the disposition of the charges against Williams. *Id.* at n.5.

Mullins filed a wrongful death suit with the Tennessee Claims Commission under Tennessee Code Annotated § 9-8-307(a)(1)(E), which provides the Claims Commission with "exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of 'state employees'" involving the "[n]egligent care, custody and control of persons." The Claims Commission held that it lacked subject matter jurisdiction over the claims because Carlyle was not in the care, custody, or control of the state at the time of the alleged wrongful death. Mullins appealed to the Tennessee Court of Appeals, which affirmed. *See Mullins*, 2009 WL 1372209, at *1-*12.

Mullins requested permission to appeal to the Tennessee Supreme Court, which granted her application and affirmed. *Mullins v. State*, 320 S.W.3d 273, 284 (Tenn. 2010).

Mullins then filed her § 1983 claims with the district court. The defendants moved to dismiss, claiming that the filing of her suit with the Claims Commission waived her right to sue thereafter in any other court. The relevant statutory waiver provision states:

> Claims against the state filed pursuant to subsection (a) [of T.C.A. § 9-8-307] shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee.

Tenn. Code Ann. § 9-8-307(b). Mullins argued that because the Claims Commission dismissed her suit for lack of subject matter jurisdiction, the filing of her suit with the Commission should be treated as if it never occurred, thereby removing her claims from the scope of the waiver provision. The district court disagreed and granted the motion to dismiss. Mullins appealed.

We agree with the district court and affirm. In *Haley v. University of Tennessee-Knoxville*, the Tennessee Supreme Court rejected a similar argument to Mullins's:

> Haley argues . . . that a voluntary dismissal or non-suit before the Claims Commission leaves the situation as if the claim had never been brought, effectively reversing the activation of the waiver that occurred upon the filing of the claim. However, in our view, once the claim has been filed and the waiver has been activated, it cannot be "undone." The statute provides that *filing* the claim activates the waiver, regardless of the subsequent disposition of the claim. In light of the Legislature's unambiguous pronouncement in enacting the Claims Commission Act, we hold that the waiver provision of Tennessee Code Annotated section 9–8–307(b) is activated upon filing of the claim, even if the claim is later voluntarily withdrawn or non-suited.

3

188 S.W.3d 518, 524 (Tenn. 2006) (citations omitted). The *Haley* opinion—like the statute it interprets—speaks unequivocally: it is the *filing* of a suit that triggers the waiver. Dismissal for lack of subject matter jurisdiction, like entry of a non-suit, cannot erase the initial filing of the lawsuit from history. The dismissal of Mullins's claim did not, therefore, undo her waiver.

For these reasons, Mullins waived her right to bring this suit when she filed her claims with the Tennessee Claims Commission. We affirm.