NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0885n.06

No. 13-5184

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Oct 10, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RICHARD JEFFREY LAUDE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JIMMY D. KNOWLES, | ) | THE MIDDLE DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: COLE, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. Richard Laude filed a civil rights suit against Jimmy D. Knowles for allegedly violating Laude's Fourth Amendment rights during a traffic stop. The district court held that Laude waived his federal claim by filing a related claim with the Tennessee Claims Commission. We affirm.

I.

Knowles, a Tennessee State Trooper, stopped Laude because Knowles mistakenly believed that Laude was a member of a speeding group of motorcyclists that had passed Knowles moments before. Laude alleges that Knowles pulled Laude off his motorcycle, hit him several times, and held him to the ground even though Laude's clothing and motorcycle were different from the speeding motorcyclists. Knowles soon realized his mistake, but wrote Laude misdemeanor citations for reckless driving, improper tags, and failure to carry a license. The county court later dismissed the

charges for lack of probable cause.

Laude thereafter filed a claim with the Tennessee Claims Commission, which has "exclusive jurisdiction to determine all monetary claims against the state" involving the alleged negligence of state employees. *See* Tenn. Code § 9–8–307(a)(1)(E). Laude later filed suit in federal court under 42 U.S.C. § 1983. Under Tennessee Code § 9-8-307(b), however, claims filed with the Commission "operate as a waiver of any cause of action, based on the same act or omission" against any state employee, unless the employee was acting outside the scope of his employment. The district court dismissed Laude's case pursuant to § 9-8-307(b), but informed Laude that he could re-file his suit if the Commission determined that Knowles was acting outside the scope of his employment.

The Commission determined the contrary, however, finding that Knowles acted within the scope of his employment, and reasoning that "Trooper Knowles was in his trooper uniform, in his patrol car, and was on his regular shift at the time the events at issue occurred." The Commission also found that Knowles was not negligent. Laude appealed. The Tennessee Court of Appeals held that the Commission lacked jurisdiction because Laude's "claims against the State were intentional torts" and were not, as the Commission had assumed, for the "[n]egligent care, custody and control of persons" or personal property. *Laude v. State*, M2011-01584-COA-R3CV, 2012 WL 1066501, at *2–3 (Tenn. Ct. App. Mar. 27, 2012). The court of appeals therefore reversed the Commission's judgment and dismissed Laude's case.

Laude then filed a new § 1983 suit in federal court. The district court granted summary judgment to Knowles, reasoning that Laude waived his federal cause of action when he filed his claim with the Commission. This appeal followed.

II.

We review the district court's grant of summary judgment de novo. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 317 (6th Cir. 2010) (citation omitted).

Section 9-8-307 allows prospective plaintiffs to obtain a waiver of state sovereign immunity in exchange for waiving their claims against individual state employees (such as Knowles here). *See Haley v. Univ. of Tennessee-Knoxville*, 188 S.W.3d 518, 523–24 (Tenn. 2006). The sole exception to this waiver occurs "if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment." *See* Tenn. Code § 9-8-307(b).

The Commission made no such determination here. Neither did the court of appeals, whose conclusion that the Commission lacked subject matter jurisdiction was instead based on the court's determination that Laude accused Knowles of intentional torts. An employee can commit an intentional tort in the scope of his employment. *See, e.g.*, *Hughes v. Metro. Gov't of Nashville & Davidson Cnty.*, 340 S.W.3d 352, 372 (Tenn. 2011). Laude's decision to file his claim with the Commission, therefore, has the effect that the statute says it has: "a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee." Tenn. Code § 9-8-307(b).

In response, Laude points out that the court of appeals' decision has the same effect on his claim as a decision that the state employee acted outside the scope of his employment: both determinations divest the Commission of subject-matter jurisdiction. Thus, Laude contends, enforcement of the waiver in his case, but not where the Commission finds that the employee acted

outside the scope of his employment, would "create a distinction without a difference." Laude Br. at 10.

This distinction, however, is one spelled out in the statute itself. Section 9-8-307(b) lists only one exception to the waiver provision: a determination that the state employee acted outside the scope of his employment. The statute makes clear that, in all other cases, a plaintiff's decision to file a claim with the Commission waives any corresponding federal claim. Consequently, the Tennessee Supreme Court has held that a plaintiff's decision to file a claim with the Commission "activates the waiver, regardless of the [claim's] subsequent disposition." *Haley*, 188 S.W.3d at 524. Moreover, "once the claim has been filed and the waiver has been activated, it cannot be undone." *Id.* (internal quotation marks omitted). In *Haley* itself, for example, the court enforced the waiver where a plaintiff had withdrawn her claim voluntarily. *Id.* And our court has already held that dismissal for lack of subject-matter jurisdiction—the ground for dismissal here—does not undo a plaintiff's waiver under § 9-8-307(b). *Mullins v. Hall*, 470 F. App'x 476, 477 (6th Cir. 2012).

Laude otherwise argues that enforcement of the waiver as the statute prescribes would be fundamentally unfair—thus implying, it appears, that the statute as applied here would violate the Due Process Clause. But no one forced Laude to file his claim with the Commission. And the statute's terms allow a plaintiff to sue "an otherwise unavailable deep-pocket defendant"—namely, the state—only if the plaintiff "voluntarily elect[s] to waive suit against the employees[.]" *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 953 (6th Cir. 1987) (en banc). It is not unfair in any constitutional sense to hold Laude to that statutory bargain.

-4-

The district court's judgment is affirmed.

**JANE B. STRANCH**, Circuit Judge, concurring in the judgment. Based upon Tenn. Code Ann. § 9-8-307(b), we have held that the filing of a claim for damages against the State with the Tennessee Claims Commission automatically and irrevocably waives a plaintiff's right to file any other legal action arising out of the same facts, including a suit in federal court under 42 U.S.C. § 1983 to recover damages for the violation of federal constitutional rights. *See White v. Gerbitz*, 860 F.2d 661 (6th Cir. 1988); *Mullins v. Hall*, 470 F. App'x 476 (6th Cir. 2012). *White* followed *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc), where a majority of the judges on this court held that a similar Ohio statute effectuated a waiver of federal rights.

Although I am required to follow the law of our circuit, I do not have to agree with all of it. The Supremacy Clause does not permit subordination of federal constitutional rights—and the means to enforce them in federal court through a § 1983 action—to a state claims commission lacking "jurisdiction over any intentional torts." *See Shell v. State*, 893 S.W.2d 416, 421 (Tenn. 1995). My views align with the dissenting opinions in *Leaman*, *White*, and *Drew v. U.T. Reg'l Med. Ctr. Hosp.*, 121 F.3d 707, 1997 WL 441752 (6th Cir. 1997) (per curiam), and the unanimous opinions in *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453 (6th Cir. 1998), and *Kajfasz v. Haviland*, 55 F. App'x 719 (6th Cir. 2003).

Because I cannot agree with the reasoning in the majority opinion, I concur in the judgment only. Were we writing on a clean slate, I would vote to reverse the decision below and remand the case for further proceedings on the constitutional claims Laude sought to raise in federal court.