JANE B. STRANCH, Circuit Judge,
concurring in the judgment.
Based upon Tenn.Code Ann. § 9-8-307(b), we have held that the filing of a claim for damages against the State with the Tennessee Claims Commission automatically and irrevocably waives a plaintiffs right to file any other legal action arising out of the same facts, including a suit in federal court under 42 U.S.C. § 1983 to recover damages for the violation of federal constitutional rights. See White v. Gerbitz, 860 F.2d 661 (6th Cir.1988); Mullins v. Hall, 470 Fed.Appx. 476 (6th Cir.2012). White followed Leaman v. Ohio Dep’t of Mental Retardation & Dev. Disabilities, 825 F.2d 946 (6th Cir.1987) (en banc), where a majority of the judges on this court held that a similar Ohio statute effectuated a waiver of federal rights.
Although I am required to follow the law of our circuit, I do not have to agree with all of it. The Supremacy Clause does not permit subordination of federal constitutional rights — and the means to enforce them in federal court through a § 1983 action — to a state claims commission lacking “jurisdiction over any intentional torts.” See Shell v. State, 893 S.W.2d 416, 421 (Tenn.1995). My views align with the dissenting opinions in Leaman, White, and Drew v. U.T. Reg’l Med. Ctr. Hosp., 121 F.3d 707, 1997 WL 441752 (6th Cir.1997) (per curiam), and the unanimous opinions in Turker v. Ohio Dep’t of Rehab. & Corr., 157 F.3d 453 (6th Cir.1998), and Kajfasz v. Haviland, 55 Fed.Appx. 719 (6th Cir.2003).
Because I cannot agree with the reasoning in the majority opinion, I concur in the judgment only. Were we writing on a clean slate, I would vote to reverse the decision below and remand the case for further proceedings on the constitutional *315 claims Laude sought to raise in federal court.